```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                          CRIMINAL ACTION NO. 2:14-00049

**DARRELL SHAWTON COLLINS**

<u>SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER</u>
<u>MEMORANDUM OPINION AND ORDER</u>

On April 7, 2023, the United States of America appeared by Troy Daniel Adams, Assistant United States Attorney, and the defendant, Darrell Shawton Collins, appeared in person and by his counsel, John J. Balenovich, for a hearing on the Petition seeking revocation of supervised release, submitted by Senior United States Probation Officer Justin L. Gibson.  The defendant commenced a thirty (30) month term of supervised release in this action on November 28, 2022, as more fully set forth in the Supervised Release Revocation and Judgment Order entered by the court on September 20, 2022.

The court heard the admissions of the defendant, the evidence presented as mitigating evidence for sentencing purposes, and the representations and arguments of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court finds by a preponderance of the evidence that the defendant, who asserts that he had been the subject of racial comments while he was at the PAAC Infinite Pathways Residential Treatment Program ("PAAC"), engaged in an attack on Mr. Wells as set forth next below which has not been shown to have been due to racial slurs. The court further finds by a preponderance of the evidence that the defendant has violated the conditions of supervised release by committing violations in the following respects:  (1) On December 24, 2022, while at PAAC, the defendant assaulted and battered another resident, Eldon Wells, by pushing the head of Mr. Wells into a wall, thereby committing the offense of battery in violation of the terms of his supervised release that he not commit another violation of Federal, State, or local law; and (2) as a condition of his supervised release the defendant entered the PAAC program on December 5, 2022, and he was to successfully complete the 6-to-12 month Residential Treatment Program, but as a result of the above listed misconduct on

2

December 24, 2022, the defendant was deemed a program failure and terminated from the program on December 27, 2022; all as admitted by the defendant, and as set forth in the petition on supervised release, and by the court's findings on the record of the hearing.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32.1(b)(2) and (c)(1) of the Federal Rules of Criminal Procedure, and finding that a sentence that is sufficient but not greater than necessary to meet the goals of sentencing after considering the factors set forth in 18 U.S.C. § 3583(e), is that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of SIX (6) MONTHS, to be followed by TWENTY-FOUR (24) MONTHS of supervised release,

3

**upon the same terms and conditions as heretofore, excluding the modified condition that the defendant reside at PAAC Infinite Pathways; and with the following added condition.**

    1. **Upon release from imprisonment, the defendant shall participate and successfully complete SIX (6) months of the Anchor Project observing all the rules and regulations of the facility, which six months participation in the Anchor Project will include an anger management program.  If it is determined that the Anchor Project does not have an anger management program, then the court directs that an anger management program be undertaken elsewhere during the same six (6) month period while the defendant is participating in the Anchor Project, if feasible. If not feasible, then after successful completion of six (6) months of the Anchor Project, the defendant must participate in an appropriate anger management program as determined by the Probation Officer.**

    **The defendant was remanded to the custody of the United States Marshal.**

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: April 11, 2023

John T. Copenhaver, Jr.
Senior United States District Judge